## 2559. BURCH v. SCHULZ COMPANY.

The court erred in directing the verdict.

DECIDED JANUARY 24, 1911.

Complaint; from city court of Eastman—Judge Griffin. February 14, 1910.

*W. M. Morrison, R. B. Edwards, J. A. Neese,* for plaintiff in error. *W. M. Clements,* contra.

POWELL, J. The Schulz Company sued Burch upon a number of promissory notes, and also upon an open account. The defendant pleaded, that the notes and the account represented the purchase price of certain pianos and organs sold under parol contract; that the defendant was a dealer in merchandise of this character, but did not have an expert salesman, and that as a part of the consideration of the purchase, the piano company, through its agent, Fisher, through whom the trade was consummated, agreed that it would send to him an expert salesman, who would sell the organs for him; also, as to the pianos, that the piano company was to send a concert company to advertise them, and that in preparation for the coming

of the concert company he spent $75, which resulted in a total loss to him; also, that there was a failure of consideration, on account of certain defects in the instruments. Without cumbering the opinion with details, we will state directly that the only defense made out was as to the failure of the company to send the salesman. The defendant assumed the burden of proof in the case, and relied on his own testimony, and, taken most favorably to him, as it is our duty to take it where the judge directs the verdict, we find that there was enough in it to authorize the jury to find that a definite amount of damage had resulted to the defendant from the failure of the plaintiff to send this salesman. The testimony is meager and somewhat indefinite, it is true, and yet neither so meager nor so indefinite that the jury might not have estimated the damage from the information given. Able counsel for the defendant in error seems to concede that there is danger in this point, and seeks to avoid it by asserting that there is no proof of the agency of Fisher, through whom the defendant claims to have made this contract with the plaintiff. We have no trouble on this point. It is proved that the sales of the pianos were made through Fisher, and that in pursuance of the contract as made with Fisher, the company shipped the pianos and took the notes which were before the court, and sued upon them. This is ample proof of Fisher's general authority as agent for the company. A person can not take the benefit of a contract made by another, who purports to act as his agent in the matter, and sue upon it, and then deny the agency of him who made the contract. On account of this matter, and for this alone, we find error in the record; but this results in a reversal of the judgment.          *Judgment reversed.*